STATE, EX REL. MYON I. KIMBALL ET AL., v. WILLIAM C. HENDEE, COLLECTOR, &c., ET AL.

1. School trustees are officers, within article 2, paragraph 1, of the constitution, so that if they are made elective by the people, only *male* citizens can vote for them.
2. The *status* of a *de facto* board of education, composed of persons actually elected as school trustees at a school meeting, will not be destroyed by the action of the county superintendent in appointing other trustees upon the supposition that the election was illegally conducted.

---

On *mandamus*.

Argued at June Term, 1894, before Justices DIXON, REED and ABBETT.

For the relators, *Royal P. Tuller.*

For the defendants, *Charles K. Landis, Jr.*

The opinion of the court was delivered by

DIXON, J. At a meeting held in Vineland on July 27th, 1894, nine persons were elected school trustees for the township of Vineland. On the following day they met and organized as the board of education, took possession of the school property and proceeded to transact the business committed to

that board, and thereafter continued in the unchallenged control of school matters until September 8th. On September 5th, 1894, the state superintendent of schools wrote to the Cumberland county superintendent that he was informed that the election of July 27th had been conducted in open defiance of the statute in this, that the votes of women had been refused, notwithstanding the act of April 8th, 1887 (*Pamph. L., p.* 149), giving the right of suffrage to all persons, whether male or female, in any school meeting; and thereupon he advised the county superintendent to treat the election as a nullity and appoint other persons to fill the vacancies, under the act of May 25th, 1894 (*Pamph. L., p.* 506), which makes it the duty of the county superintendent to appoint trustees for any district which for any cause fails to elect at the regular time, and to appoint trustees to fill vacancies. Upon this advice the county superintendent appointed nine other persons to constitute a board of education. Because of the conflict thus created, the collector of the township refused to honor the warrants of the elected board, and hence this application for a *mandamus* requiring him to pay such a warrant drawn in favor of Kimball and Prince.

Under the constitution of this state only male citizens are entitled to vote for officers elective by the people. *Allison* v. *Blake, ante p.* 6.

In *State* v. *Deshler,* 1 *Dutcher* 177, it was adjudged that trustees of school districts were officers within this constitutional provision. But it is said this adjudication has ceased to be authoritative, because since it was rendered an amendment of the constitution has imposed on the legislature the express duty of providing for the maintenance and support of a thorough and efficient system of free public schools. I am quite unable to see how the imposition of this duty affects the question whether school trustees are officers, or whether, if they are made elective by the people, any other than constitutional voters may vote for them. This duty of the legislature must be performed in accordance with all other constitutional provisions. The legislature cannot execute it by authorizing

a lottery, or by passing a law embracing more than one object, or by a special law for the taxation of property; nor can it by a law enlarging or diminishing the class of persons defined by the constitution as entitled to vote for all officers who are made elective by the people.

The cases cited leave, we think, no question debatable in this court as to the legality of excluding women from the privilege of voting for school trustees.

This decision does not render the act of 1887 inoperative. That statute confers upon women the right to vote in school meetings upon all questions except the election of officers.

But if we had thought that the exclusion of the votes of women was illegal, still the *mandamus* requested would be awarded. For clearly the board which ordered the payment of the relators' claim was the *de facto* board of education. Its members had certainly a color of title, and their actual incumbency of office was complete. The decision of the superintendents could neither deprive them of the former, nor oust them from the latter. Notwithstanding that decision by administrative functionaries acting *ex parte*, the *indicia* of a *de facto* board remained. Under these circumstances the acts of the board, in which third persons are interested, cannot be impugned on the ground that the title of the members is defective.

Let a peremptory *mandamus* issue, commanding the collector to pay the order in question.